### H. C. Ford v. M. N. Rosenthal et al.
#### No. 6320.

1.  **Attack Upon Fraudulent Transfer.**—Where a creditor seeks to avoid a transfer by a debtor and the evidence is conflicting or uncertain as to the amount of his claim he can only complain to the extent of his demand.

2.  **Effect of Fraudulent Transfer of a Judgment.**—As against the plaintiff assigning a judgment held by him his act is binding as well against himself as one taking a second transfer knowing the facts. Such is the effect, whether the first assignment or transfer was fraudulent or an honest transaction.

3.  **Estoppel.**—A contract by defendants in a money judgment with the apparent owner of it by transfer from the plaintiff, by which for a valuable consideration the judgment was not to be enforced by execution until certain garnishment proceedings over which the defendants had control should be dismissed, will turn loose the judgment upon the dismissal of the garnishment proceedings although dismissed by the defendants in ignorance of the effect their dealings with the original plaintiff would have as against the holder of the judgment. The contract and consideration estopped the defendants to deny the ownership of the holder with whom they had dealt as such.

Appeal from Hill. Tried below before Hon. J. M. Hall.
The opinion states the case.

*Tarlton & Jordan* and *Abbott & Ivy*, for appellant, cited Rivers v. Foote, 11 Texas, 662; Norvell v. Oury, 13 Texas, 31; Johnson v. Hamilton, 36 Texas, 270; Sayles' Pl., 2 ed., art 44; 2 Pars. on Con., 675.

*Jones & Kendall* and *A. M. Jackson, Jr.*, for appellees.—Matters stated

by Ford in the receipt executed by him to appellees could not constitute an estoppel on appellees or constitute an obligation on them to pay the balance of the judgment to Ford, irrespective of whether or not he owned it. Grinnan v. Dean, 62 Texas, 220, 221; Scoby v. Sweatt, 28 Texas, 730.

HENRY, ASSOCIATE JUSTICE.—This suit was instituted by appellees to enjoin the collection of the balance of a judgment against them, which appellant claimed to own by assignment and which he was proceeding to enforce the collection of by execution.

Appellees alleged that the judgment was recovered against them by one Middlebrook. That after its rendition they had become the owners of certain claims against him, which they had caused to be assigned to one Smith to hold for them, and that Smith had instituted suit on them in his own name and sued out a writ of garnishment against plaintiffs in this suit, who were the debtors in but the real owners of said judgment.

Plaintiffs further charged that said Middlebrook was at the date of said transfers and now is insolvent. That subsequent to said transfers of said claims against him to Smith for the benefit of plaintiffs, and while said garnishment was pending, Middlebrook and Ford, the defendant in this suit, colluded to defraud Middlebrook's creditors by pretending to purchase and take an assignment of said judgment, when in fact it remained the property of Middlebrook. That afterward plaintiffs paid to said Ford the difference between the amount of said judgment and the claims so purchased by them and held in the name of their agent. That plaintiffs at the time of such payment believed that Middlebrook still owned said judgment, notwithstanding its transfer to Ford, and shortly after said payment to Ford they settled it in full with Middlebrook by satisfying said claims held by them against him in the name of Smith, in consideration of which Middlebrook transferred the judgment to their agent Smith, whereby it became the plaintiffs' property and was fully paid off and discharged. But defendant Ford, claiming still to be its owner by reason of said prior transfer thereof to him by Middlebrook, had sued out an execution thereon against plaintiffs, which they pray may be enjoined.

Defendant Ford excepted generally and specially to plaintiffs' petition and answered that he was a creditor of Middlebrook and had accepted the transfer of the judgment from him in good faith and without fraud for the payment of his debt. He disputed the amount of the claims purchased in the name of Smith against Middlebrook, charging that they amounted to not exceeding four hundred dollars, and greatly less than the unpaid balance of said judgment.

He further alleged that at the time of the payment by plaintiffs to him of a part of said judgment an agreement was entered into between him-

self and plaintiffs that he would not sue out an execution for the balance of said judgment until the termination of said garnishment suit, in consideration of which plaintiffs consented that if said garnishment proceeding resulted in the discharge of the garnishee they would pay the balance of said judgment. That said garnishee having been discharged by the dismissal of said proceeding plaintiffs are estopped by said settlement, etc. There was a judgment for plaintiffs.

The case made by the evidence is substantially as follows:

In the year 1883 F. M. Middlebrook recovered in the District Court of Hill County a judgment against Rosenthal, Myer & Co. for $2310.75.

In March, 1884, Rosenthal, Myer & Co. purchased two claims against F. M. Middlebrook, one from Hunt & Son and the other from one Porter, and caused them to be transferred to one J. A. Smith to hold for the said purchasers.

There is quite a conflict in the evidence as to the amount of these claims.

Plaintiffs claim that they amounted to just $1218.50 less than the above judgment.

Defendants claim that they did not amount to over $400.

The evidence before us indicates that their real amount was between the two.

On February 19, 1885, Middlebrook assigned to defendant Ford the said judgment against Rosenthal, Myer & Co.

On the 12th day of March, 1885, the following written agreement was made between Rosenthal, Myer & Co. and H. C. Ford:

"Whereas, in a certain cause in the District Court of Hill County, at the Fall Term, 1883, F. M. Middlebrook recovered a judgment against Rosenthal, Myer & Co. for $2310.75, which on appeal was affirmed, which judgment exclusive of costs now amounts to $2576.74; and whereas one J. A. Smith sued said Middlebrook in the District Court of Hamilton County, cause No. 398, and has garnished said Rosenthal, Myer & Co. in said cause, in which said suit said Smith claims $1258.23; and whereas said Middlebrook assigned said judgment to the undersigned, H. C. Ford, after said garnishment was served: Now to avoid litigation and in consideration of $1218.50 (twelve hundred and eighteen dollars and fifty cents) paid to me on said judgment I agree that no process shall issue upon said judgment, nor shall any action be taken to enforce payment of said judgment until the final termination of said garnishment proceedings, and should they then be terminated by the discharge of said garnishees the said judgment shall be fully discharged by payment of the balance now remaining unpaid; and I hereby state that I am the legal owner of the above described judgment.

"This 12th day of March, 1885.

     [Signed]                                 "H. C. FORD."

Rosenthal, Myer & Co., plaintiffs, paid to Ford the $1218.50, and the above instrument was delivered to them as their voucher for the same.

It was subsequent to this transaction that F. M. Middlebrook, claiming to be still its owner, transferred by assignment to Rosenthal, Myer & Co. his said judgment against them, and that they on receiving such assignment caused Smith to discontinue and dismiss the garnishment proceedings.

Then Ford claiming to be the owner of the balance of the Middlebrook judgment against Rosenthal, Myer & Co. sued out an execution on it, and Rosenthal, Myer & Co. claiming to have purchased it from Middlebrook resisted the execution by suing out the writ of injunction in this cause.

Plaintiffs admitting the transfer of the judgment by Middlebrook to Ford, claim that Middlebrook being insolvent made that transfer for the purpose of defrauding his creditors, and that Ford had knowledge of and participated in the fraudulent purpose. Ford claims that he was a creditor of Middlebrook and took the transfer of the judgment honestly and in good faith for the purpose of collecting his debts.

It is unnecessary to discuss in detail appellant's numerous assignments of error. We do not think that such as relate to the rulings upon exceptions to the pleadings are well taken, and many of the assignments with regard to charges given and refused are not made as directed by the rules of this court.

One error assigned is fairly embraced in the following proposition in appellant's brief:

"When the evidence is conflicting or uncertain as to the amount of a creditor's claim, and such creditor seeks to set aside as fraudulent a transfer of a demand against himself which has been transferred to a third party, he can only be heard to complain to the extent of his demand, and the charge of the court should limit the right of recovery or set aside such transfer to the extent only of such interest."

This proposition is correct, and the charge of the court announcing a contrary doctrine was erroneous.

Whether the transfer of the judgment by Middlebrook to Ford was fraudulent or in good faith and valid makes no substantial difference in this case. If it was fraudulent as to creditors it was binding upon Middlebrook and left no interest in him to subsequently transfer to plaintiffs.

Such subsequent transfer from Middlebrook to plaintiffs vested no interest in them, because Middlebrook by reason of his previous transfer to Ford, whether fair or foul, had at least divested his own interest in it. If fairly made he was bound by it. If made for the fraudulent purpose of hindering and delaying his creditors still he was bound by it. There was nothing to prevent Ford's holding and collecting the judgment at any time after its transfer to him except a controversy with Middlebrook's

creditors. Plaintiffs, through the agency of Smith's garnishment suit, were attempting to make such contest. But they entered into the contract with Ford above referred to, by which they consented, for what we recognize to be a valid consideration, that when the garnishment proceedings were terminated by the discharge of the garnishees the balance of the judgment should be paid to him. Plaintiffs believing they had become the owners of the judgment by procuring a transfer of it from Middlebrook, caused the garnishment suit to be dismissed and thus released the garnishees. The fact that they did not become the owners of the judgment because their transaction was not had with its owner does not relieve them from their other agreement. By it as the case is now presented they are estopped from asserting ownership of the judgment.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Delivered May 10, 1889.